# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
2/1/2023 10:18 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV410843
Reviewed By: L. Martinez
Envelope: 11087554

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

WALMART, INC., a Delaware Corporation, and DOES 1 – 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

YSABELLE NACHACK,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 23CV410843

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary S. Saunders, Esq., 1891 California Ave, Ste 102, Corona, California 92881; 951-272-9114

DATE: *(Fecha)* 2/1/2023 10:18 PM Clerk of Court Clerk, by *(Secretario)* L. Martinez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: WALMART, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

E-FILED
2/1/2023 10:18 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV410843
Reviewed By: L. Martinez

Gary S. Saunders, Esq. (SBN: 144385)
SAUNDERS & ASSOCIATES, APC
1891 California Ave., Suite 102
Corona, CA 92881
Tel. (951) 272-9114
Fax (951) 270-5250

Attorney for Plaintiff,
Ysabelle Nachack

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| YSABELLE NACHACK,<br><br>Plaintiff,<br>v.<br><br>WALMART, INC., a Delaware Corporation, and DOES 1 – 10, inclusive,<br><br>Defendants. | CASE NO: 23CV410843<br><br>PLAINTIFF'S VERIFIED COMPLAINT<br><br>1. ASSAULT;<br>2. BATTERY;<br>3. LIBEL [Civil Code §§ 45, 45(a)]; AND<br>4. INTENTIONAL INFLICTIONAL OF EMOTIONAL DISTRESS<br><br>JURY TRIAL DEMANDED |

**COMES NOW,** YSABELLE NACHACK (hereinafter "Plaintiff") by and through her counsel files her Verified Complaint and hereby alleges as follows:

**<u>PARTIES</u>**

1. Plaintiff, YSABELLE NACHACK, was, at all times, relevant hereto, a resident of Santa Clara County, State of California.

2. WALMART, INC., its parent, subsidiaries, and successor entities, is referenced herein as "Defendant". Defendant. is, and at all times relevant hereto was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, qualified to do business in California. Its stated business is to provide "Everyday low prices on a broad assortment - anytime, anywhere."

3. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive ("DOES"), and therefore sue them by fictitious names. Plaintiff will amend this complaint to allege DOES's true names and capacities when they are ascertained. Plaintiff requests that when the true names and, capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

4. Plaintiff is informed and believes and upon this basis allege that DOES are contractually, strictly, negligently, intentionally, or vicariously liable, and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this complaint, and that DOES are indebted to Plaintiff as hereinafter alleged.

5. Plaintiff is informed and believe that any applicable statutes of limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

6. Plaintiff is informed and believe and upon this basis allege Defendants, and each of them are, and at all times herein, were the agents, joint ventures, officers, members, representatives, consultants, or employees of their co-Defendants and in committing the acts herein alleged, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-Defendants.

**JURISDICTION AND VENUE**

7. The California Superior Court has jurisdiction over this action pursuant to *California Constitution Article VI §10* and *Code of Civil Procedure* § 410.10 because Defendants violated civil statutes in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. Defendants have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over Defendants herein "does not offend the traditional notions of fair play and substantial justice."

8. Venue is proper in this Court pursuant to *Code of Civil Procedure* § 392(a) because the incidents also occurred in this jurisdiction. Defendants caused events to occur in California, and more particularly in the County of Santa Clara, out of which this action arises, and which forms the basis of this action.

**<u>GENERAL AND FACTUAL ALLEGATIONS</u>**

9. On October 30, 2022, and for the price of $7.00 paid to WALMART, Plaintiff purchased hair coloring online and was issued a receipt from WALMART.

10. Upon opening the packaging at her home, Plaintiff discovered that the item was not pink as ordered, but rather, green.

11. On November 15, 2022, at 10:50 a.m., Plaintiff went to the Store located at 777 Story Road, San Jose, Santa Clara County, CA, 95122 with her receipt and requested the Store provide her with an exchange of the incorrect color for the one she originally intended to purchase. Defendant, by and through its Store clerk, Doe 1, refused to do so.

12. Plaintiff requested that she speak to the Store manager, who then appeared and initially spoke to Plaintiff in a confrontational manner.

13. Plaintiff explained to the Doe 2 Store manager, that she wanted to exchange the hair color and had her receipt for the online purchase.

14. Defendant's store manager grabbed the bag with the color held by Plaintiff that she intended to exchange from her hand in a forceful, aggressive manner, rudely attacked, assaulted, and battered Plaintiff then loudly "Yelled" at Plaintiff with a loud voice in the presence of other customers including her friend, Joshua Gomez, "You are stealing."

15. Plaintiff was shocked and dismissed and began immediately experiencing fright, nervousness, grief, anxiety, worry, mortification, humiliation, indignity, and embarrassment, at Defendant Doe 2 Store manager's conduct.

16. Plaintiff then said to Doe 2 Store manager "I am not stealing. I have a receipt for the purchase. Please give me back my bag."

17. Defendant's store manager then loudly shouted at Plaintiff, " I am going to call the police. Get out!" Plaintiff then said "Call the police. I have my receipt. I am not going to get out."

18. Plaintiff's friend Joshua Gomez asked Defendant's store manger for a copy of the video footage of the incident because Plaintiff was so distraught from the incident.

19. Defendant has refused to give Plaintiff a copy of the store video footage of the incident or call Plaintiff to follow up on her claim surrounding the incident.

20. Plaintiff was distraught, outraged and emotionally upset from being physically assaulted and battered by Defendant's manager.

21. The aforementioned statements by Defendant WALMART's Store manager were made negligently, recklessly, and/or intentionally and/or with actual malice, so published and republished to the general public which was heard, seen, and understood to pertain to Plaintiff with the gist, sting or substance that Plaintiff was a thief thereby impugning Plaintiff's honesty and directly injuring her with respect to the imputation of dishonesty and which, by natural consequence, caused. Plaintiff actual damage, hatred, contempt, ridicule, and/or obloquy, and/or which caused Plaintiff to be shunned or

avoided and/or tendency to injure Plaintiff in her reputation or occupation. The statement issued by WALMART's Store manager was defamatory on its face because it directly and falsely accused Plaintiff of dishonesty and the crime of theft.

## FIRST CAUSE OF ACTION

**Assault**

**(Against Walmart and Does 1- 10)**

22. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

23. On or about November 15, 2022, at 10:50 a.m., Plaintiff, while attempting to exchange hair coloring that she had purchased online from WALMART was confronted by the Store manager at the store located at 777 Story Road, San Jose, Santa Clara County, CA, 95122 who threatened to call the police for no reason.

24. In doing the acts as alleged above, Defendant WALMART intended to place Plaintiff in apprehension of being caused physical and great bodily harm.

25. As a result of Defendant WALMART's acts, as alleged above, Plaintiff, in fact, was placed in great apprehension of great bodily harm from the conduct of WALMART's Store manager.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**Battery**

**(Against Walmart and Does 1-10)**

26. Plaintiff re-alleges and incorporate all preceding paragraphs as though set forth fully herein.

27. Under *Penal Code 242 PC*, California law defines the crime of battery as "any willful and unlawful use of force or violence upon the person of another."

28. Plaintiff alleges that on November 15, 2022, at 10:50 a.m., at Defendant WALMART's store located at 777 Story Road, San Jose, Santa Clara County, CA, 95122, Defendant's Store manager grabbed the bag with the hair color held by Plaintiff that she intended to exchange from her hand in a forceful, aggressive manner, rudely attacked, assaulted, and battered Plaintiff. Plaintiff did absolutely nothing to provoke, anger, and/or anything to make Defendant's manager act in the manner that she did.

29. In doing the acts as alleged above, Defendant WALMART's Store manager further acted with the intent to make contact with Plaintiff's person.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

**LIBEL ON ITS FACE [Civil Code §§ 45, 45(a)]**

**(Against WALMART, and Does 1 – 10)**

30. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

31. The false and defamatory accusations of theft by Defendant WALMART, and its Store Manager, were published and republished to third persons with the sting or gist that Plaintiff was dishonest and had committed the crime of "theft".

32. The defamatory meaning of these statements and their reference to Plaintiff was understood to mean that Plaintiff had committed the crime of theft and was dishonest. It is foreseeable that third parties will republish each of these defamatory statements. Plaintiff seeks damages for all foreseeable republications.

33. The complained-of publications were published in factual circumstances evidencing and equaling malice since Defendants, and each of them, knew that Plaintiff had not done anything

dishonest or criminal. Defendants had no belief in the truth of any portion of the aforementioned statements which Defendants knew to be false or reasonably should have known were false. Upon information and belief, Plaintiff alleges that, at Plaintiff's reputational expense, Defendants made the knowingly false statement to protect their claimed "good" business reputation and/or to hide their unfair, illegal, and fraudulent business practice(s).

34. Defendants, and each of them, knew and intended that each of these above-mentioned defamatory statements would be republished, and, in fact, were republished. Defendants, and each of them, are responsible for each and every foreseeable republication.

35. Defendants, and each of them, published the above-mentioned statements with no intent to protect any interest available under any privilege, but with an intent to cause injury to Plaintiff's reputation for the purpose(s) stated in ¶ 32.

36. As a legal result of the publication and each republication of each of the defamatory statements made by Defendants as alleged, Plaintiff has suffered injury to her personal reputation causing Plaintiff to suffer and to continue to suffer embarrassment, humiliation, severe emotional distress, shunning, anguish, anger, and physical pain, all to Plaintiff's economic damage, emotional damage, and physical injury in an amount according to proof.

37. Plaintiff has always liked shopping in Defendant's store but now after the traumatic incident described herein, Plaintiff will never return to any WALMART store.

38. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, for the purpose of protecting Defendants' business reputation. All actions and publications of Defendants, and each of them, herein alleged were authorized, ratified, and approved by all other Defendants and by the officers or managing agents of

every other Defendant including, but not limited to, Doug McMillon, President and CEO, Walmart Inc., and John Furner, President and CEO, Walmart U.S.

39. Upon information and belief, Plaintiff alternatively alleges that WALMART, INC. had advance knowledge of the unfitness of the Doe Defendant Store manager who defamed Plaintiff and chose to continue employing said employee in conscious disregard of Plaintiff's right to her good reputation.

40. Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against Walmart, and Does 1 – 10)**

41. Plaintiff re-alleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

42. The aforementioned conduct of the Defendants consisted of malice, oppression, and reckless disregard for the rights of others on the part of Plaintiff.

43. Said acts of malice, oppression, and reckless disregard of the rights of Plaintiff, justify the imposition of punitive damages which should be awarded in favor of Plaintiff to punish WALMART and the Defendant Doe 2 Store manager and to deter them and those similarly situated from engaging in such conduct in the future. The wrongful, malicious, and oppressive acts and omissions of Defendants warrant the imposition of punitive damages against them in amount sufficient to punish Defendants and to deter similar acts and omissions in the future.

44. By reason of Defendants' extreme, unprivileged, and outrageous/tortious conduct as heretofore alleged, Plaintiff suffered extreme emotional distress and mental anguish causing her to refuse to ever return to any WALMART Store even though she had always liked shopping in Defendant's stores.

45. As a direct and legal result of Defendants' intentional conduct as heretofore alleged; Plaintiff has suffered actual, special, and general damages.

46. Upon information and belief, Plaintiff alleges that WALMART, INC. had advance knowledge of the unfitness of the Doe Defendant employee who defamed Plaintiff including Defendant Doe 2 Store manager and chose to continue employing said employee in conscious disregard of Plaintiff's right to his good reputation and/or that WALMART, INC., by and through an officer, director, or managing corporate agent, including, but not limited to, Doug McMillon, President and CEO, Walmart Inc., and John Furner, President and CEO, Walmart U.S., authorized and/or ratified the aforementioned wrongful conduct. The defamatory statements were made by the Store's manager (Doe 2).

47. Defendants' conduct heretofore alleged, was knowing, intentional, willful, malicious, despicable, oppressive, mean, and done with full knowledge or substantial certainty of the extreme mental distress which said action(s) would cause Plaintiff. Plaintiff is entitled to punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiff pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendants and each of them as follows:

1. For a money Judgment representing compensatory damages, according to proof;

2. For a money Judgment for mental pain and anguish and emotional distress, according to proof;

3. For general, presumed, and special damages based upon harm to Plaintiffs reputation;

4. For an award of punitive damages;

5. For costs of suit;

6. For pre-judgment interest under *Civil Code § 3288* and any other applicable statutory or contractual basis;

7. For any other relief that is just and proper.

Dated: January 31, 2023

SAUNDERS & ASSOCIATES, APC

By: ______________________

Gary Saunders, Esq.
Attorney for Plaintiff,
Ysabelle Nachack

**AFFIDAVIT AND VERIFICATION**
**(Civ. Proc. Code § 2015.5)**

I, YSABELLE NACHACK, Plaintiff in the above-entitled action against WALMART, INC., DOES 1 – 10, inclusive.

I have read the foregoing verified complaint and know the contents thereof. I certify that the same is true to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. This lawsuit is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The allegations and other factual contentions have evidentiary support or, if specifically, so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on a lack of information or belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: January 25, 2023

YSABELLE NACHACK