UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSABELLE BOUACHANH NACHACK,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 24-cv-00027-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS FIFTH CAUSE OF ACTION**<br><br>Re: Dkt. Nos. 31, 35 |

Defendant Walmart Inc. ("Walmart") moves to dismiss the fifth cause of action in self-represented Plaintiff's first amended complaint (the "FAC" at Dkt. 29). *See* Dkt. 31 (the "Motion").[1] Plaintiff filed an opposition. *See* Dkt. 36. Walmart filed a reply. *See* Dkt. 37. All necessary Parties—Plaintiff and Walmart—have consented to the jurisdiction of a magistrate judge.[2] *See* Dkts. 3, 6. The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the Motion and **DISMISSES** the fifth cause of action **WITH LEAVE TO AMEND**.

---

[1] The Motion is actually a brief that Walmart filed in opposition to Plaintiff amending her original complaint. *See* Dkt. 30. In that brief, Walmart essentially argued for dismissal of Plaintiff's fifth cause of action. After the Court accepted the FAC as properly filed, it offered Walmart the option of standing on this opposition brief as a motion to dismiss. *See* Dkt. 34. Walmart accepted the Court's offer. *See* Dkt. 35.

[2] Plaintiff also sued 10 Doe defendants. *See* FAC ¶ 3. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

## I. BACKGROUND

The following discussion of background facts is based on the allegations contained in the FAC, the truth of which the Court accepts for purposes of resolving the Motion. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). In October 2022, Plaintiff purchased "hair coloring" from Walmart online. *See* FAC ¶ 9. When the product arrived, she "discovered that the item was not pink as ordered, but rather, green." *See id.* ¶ 10. She subsequently went to a physical Walmart store with her receipt and asked a "Store clerk" to exchange the item. *See id.* ¶ 11. After the clerk refused to permit an exchange, Plaintiff asked to speak to the manager. *See id.* ¶¶ 11-12. The manager "then appeared and initially spoke to Plaintiff in a confrontational manner." *See id.* ¶ 12. After Plaintiff explained the situation, the manager "grabbed the bag [containing the item] in a forceful, aggressive manner, rudely attacked, assaulted, and battered Plaintiff [and] then loudly 'Yelled' at Plaintiff with a loud voice in the presence of other customers and employees, 'You are stealing.'" *See id.* ¶¶ 13-14. Plaintiff responded that she was not stealing and that she had a receipt for her purchase, but the manager again yelled at Plaintiff, threatened to call the police and demanded that she leave the store. *See id.* ¶¶ 16-17. Plaintiff believes that the store manager treated her in this manner because of her race—she immigrated to the United States from Laos. *See id.* ¶ 49.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their

2

1  favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are

2  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v.*

3  *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

4  If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to

5  amend the complaint, and it "acts within its discretion to deny leave to amend when amendment

6  would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad

7  faith." *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th

8  Cir. 2020) (citation omitted).

## III. DISCUSSION

Walmart moves to dismiss Plaintiff's fifth cause of action in which Plaintiff alleges that Walmart engaged in racial discrimination in violation of the California Unruh Civil Rights Act (the "Act").[3] To state a claim for racial discrimination under the Act, a plaintiff must sufficiently allege that a defendant engaged in intentional discrimination on the basis of the plaintiff's race. *See Austin v. Zhang*, No. 22-15955, 2023 WL 3580338, at *1 (9th Cir. May 22, 2023); *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). Plaintiff does not do so.

Plaintiff alleges that: (1) she was born in Laos; (2) the Walmart manager verbally and physically assaulted her; (3) she believes the manager did so because of her race; and (4) she believes the manager would not have done so were she of their same race. *See* FAC ¶ 49. As these allegations demonstrate, Plaintiff simply assumes that the manager verbally and physically assaulted her because of her race. She does not, however, offer sufficient facts demonstrating, or from which the Court can reasonably infer, that Walmart intentionally discriminated against her on the basis of her race. For example, if the manager had used a racial slur or expressly referred to Plaintiff's race, those facts would bridge the gap between the manager's conduct and Plaintiff's

---

[3] In standing on its previously filed brief as a motion to dismiss, Walmart explained that it sought dismissal of the FAC. *See* Note 1, *supra*; Dkt. 35. In its reply, however, Walmart confirms that it moves to dismiss only the fifth cause of action in the FAC. *See* Dkt. 37 at 2.

race motivating that conduct.

In the absence of such a factual bridge, the Court must dismiss the fifth cause of action as insufficiently pled. *See, e.g.*, *Kobayashi v. McMullin*, 19-cv-06591-DOC, 2022 WL 3137958, at *40 (C.D. Cal. May 31, 2022) (recommending dismissal of discrimination claim under the Act where "the FAC is devoid of any nonconclusory factual allegations that any defendant took any action against Plaintiff *because* of a protected characteristic"), *report and recommendation adopted*, 2022 WL 3226169 (C.D. Cal. Aug. 8, 2022); *Est. of Miller v. Cnty. of Sutter*, 20-cv-00577-KJM, 2020 WL 6392565, at *19 (E.D. Cal. Oct. 30, 2020) (dismissing discrimination claim under the Act where "the complaint asserts conclusions rather than alleging facts to claim HIG and Wellpath discriminated intentionally"). The Court will permit Plaintiff an opportunity to amend her complaint, but Plaintiff should submit an amended complaint only if she can, in good faith, offer sufficient facts demonstrating, or from which the Court can reasonably infer, that Plaintiff's race motivated the manager's alleged conduct.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** the fifth cause of action **WITH LEAVE TO AMEND**. If Plaintiff elects to file an amended complaint, she must do so by **September 11, 2024**. If Plaintiff does not file an amended complaint by that date, the Court will schedule an initial case-management conference.

**SO ORDERED.**

Dated: August 21, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge