UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSABELLE BOUACHANH NACHACK,<br>Plaintiff,<br>v.<br>WALMART INC.,<br>Defendant. | Case No. 24-cv-00027-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS FIFTH CAUSE OF ACTION WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 41 |

Self-represented Plaintiff alleges that she purchased a product from Defendant Walmart Inc.'s ("Walmart") website, and that when she subsequently went to a physical Walmart store to return the item, a store manager verbally and physically assaulted her and accused her of theft. *See* Dkt. 39 (the "SAC").[1]  She commenced this action to pursue five causes of action against Walmart, including a claim of racial discrimination in violation of California's Unruh Civil Rights Act. *See id.* ¶¶ 49-55.  Upon Walmart's first motion to dismiss the racial-discrimination claim, the Court dismissed the claim because Plaintiff had not "offer[ed] sufficient facts demonstrating, or from which the Court c[ould] reasonably infer, that Walmart intentionally discriminated against her on the basis of her race." *See* Dkt. 38 (the "Prior Order") at 3.  Rather, as demonstrated by Plaintiff's allegations, she had "simply assume[d] that the manager verbally and physically assaulted her because of her race." *See id.*

The Court offered Plaintiff an opportunity to amend her claim and specifically instructed her to do so "only if she c[ould], <u>in good faith</u>, offer sufficient facts demonstrating, or from which the Court c[ould] reasonably infer, that Plaintiff's race motivated the manager's alleged conduct."

---

[1] The Court accepts the allegations in the SAC as true. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022).

*See id.* at 4. Plaintiff then filed the SAC, and Walmart now again moves to dismiss the racial-discrimination claim. *See* Dkts. 41 (the "Motion"), 48, 49. The Court has determined that the Motion is suitable for resolution without oral argument.[2] *See* Civil Local Rule 7-1(b).

    Plaintiff's allegations in the SAC concerning her racial-discrimination claim remain substantively identical to her allegations in the prior complaint. *Compare* SAC ¶¶ 49-55, *with* Dkt. 29 ¶ 49. That is, a store manager treated her rudely and disrespectfully, and she assumes the store manager did so because of her race. Plaintiff alleges just one new fact in the SAC in support of her claim—that she "has experienced several individuals who were prejudiced against her based on her Asian race and Immigrant status since" she first immigrated to the United States as a teenager (*see* SAC ¶ 50)—but the Court cannot reasonably infer from that fact that the store manager here discriminated against Plaintiff because of her race. Thus, as before, the Court must dismiss the racial-discrimination claim because Plaintiff does not offer facts that "bridge the gap between the manager's conduct and Plaintiff's race motivating that conduct." *See* Prior Order at 3-4. Because Plaintiff's claim fails for the same reason as before, and because Plaintiff has failed to correct a pleading deficiency previously identified even after being given leave to amend with specific instructions on how she could correct that deficiency, the Court concludes that further leave to amend would be futile and therefore will not give Plaintiff leave to amend the claim further. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2020 WL 6381354, at *7 (N.D. Cal. Oct. 30, 2020) (dismissing claim without leave to amend where, *inter alia*, plaintiff "has already failed multiple times to adequately allege a . . . claim"); *Martin v. CSAA Ins. Exch.*, No. 17-cv-04066-MEJ, 2018 WL 1242069, at *4 (N.D. Cal. Mar. 8, 2018) (denying request for leave to amend where, *inter alia*, "Plaintiffs repeatedly failed to cure deficiencies in their

---

[2] All necessary Parties—Plaintiff and Walmart—have consented to the jurisdiction of a magistrate judge. *See* Dkts. 3, 6. Plaintiff also sued 10 Doe defendants. *See* SAC ¶ 3. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

pleading").

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** the racial-discrimination claim **WITHOUT LEAVE TO AMEND**.  The Parties shall appear for a remote status conference on **December 10, 2024**, and shall file a joint status report by **December 3, 2024**.

**SO ORDERED.**

Dated: October 23, 2024

<br>

_____
SUSAN VAN KEULEN
United States Magistrate Judge