UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSABELLE BOUACHANH NACHACK,<br>Plaintiff,<br>v.<br>WALMART INC.,<br>Defendant. | Case No. 24-cv-00027-SVK<br><br>**ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS**<br>Re: Dkt. No. 90 |

Before the Court is Plaintiff's May 15, 2025 motion, styled a "Motion for Sanctions Due to Spoliation" but requesting varied relief (the "Motion"). Dkt. 90. In the Motion, Plaintiff asks this Court to: (1) "[i]mpose sanctions on Defendant for spoliation of evidence;" (2) "[i]ssue an adverse inference jury instruction;" and (3) [c]ompel full disclosure of … internal documents, video records, and communications." Dkt. 90 at 3. Defendant filed an opposition to the Motion on May 20, 2025. The Court determines that the Motion is suitable for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the Parties' briefs, the relevant law and the record in this action, and for the reasons that follow, the Court **DENIES-IN-PART** Plaintiff's Motion, **DEFERS** Plaintiff's request for an adverse inference and **ORDERS** a further response from Defendant as to the issue of alleged spoliation.

As an initial matter, Defendant points to procedural deficiencies in Plaintiff's motion, assuming, justifiably, that it is solely a motion for sanctions. *See* Dkt. 91 at 2 (citing Civ. L.R. 37-4, 7-8, and 7-2). The Court agrees that the form of the Motion does not comply with the local rule requirements for a motion for sanctions. However, Plaintiff is self-represented, and the Court is mindful of the "entrenched principle that *pro se* filings[,] however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers" and are to be construed liberally. *United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020). Plaintiff has complied with

some of the spirit of the rules, as the Motion is signed by Plaintiff herself (being *pro se*) and "sets forth the facts and circumstances that support the motion," although Plaintiff has omitted a proposed order and did not set a hearing.  *See* Civ. L.R. 37-4, 7-2(d), 7-8.  Moreover, the Court does not construe Plaintiff's motion as wholly a motion for sanctions:  it is best read as one part motion for sanctions;  one part motion *in limine* for an adverse inference;  and one part motion to compel.  Construing Plaintiff's filing to get at the heart of her requests, the Court will excuse Plaintiff's lapse in form.

## I. PLAINTIFF'S MOTION TO COMPEL IS DENIED AS UNTIMELY

Turning to the merits of Plaintiff's request that this Court compel further production, this request is untimely.  The fact discovery cut-off, already extended once in this matter, was January 28, 2025.  If Plaintiff wished to move to compel any further production, her deadline was February 7, 2025.  *See* Civ. L.R. 37-3 ("Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off.").  Plaintiff has stated no reason, such as newly discovered facts, for why she should be permitted to bring the Motion notwithstanding the deadline.

Accordingly, the Court **DENIES** Plaintiff's requests for further production of "internal documents, video records, and communications" including any further production related to Plaintiff's ethics complaint.

## II. PLAINTIFF'S MOTION FOR SANCTIONS FOR ALLEGED CONCEALMENT OF EVIDENCE AND DEFENDANT'S FAILURE TO RESPOND TO HER ETHICS COMPLAINT IS DENIED

Plaintiff's motion also appears to seek unspecified sanctions for Defendant's failure to follow up on her November 17, 2022 ethics complaint and for defense counsel's alleged concealment of evidence by "intentionally hid[ing]" rows of an excel spreadsheet during production.  Dkt. 90 at 2-3.

With regard to the "ethics complaint" issue, Defendant responds that this "is not a discovery dispute" and is not appropriate for a sanctions motion.  Dkt. 91 at 3.  The Court agrees.  While this allegation may be relevant evidence at trial, it does not require intervention by the Court before trial.  Accordingly, Plaintiff's request for sanctions because Defendant failed to

respond to her ethics complaint is **DENIED**, however she is not prohibited from raising this issue at trial.

With regard to the alleged "concealment of evidence," this Court has addressed the issue numerous times at discovery and case management hearings. As Defendant again represents in its opposition, "the document [was] produced to Plaintiff [] in native format and was not altered or edited prior to its production." Dkt. 91 at 3 (emphasis omitted). Hidden rows are not uncommon in Excel, and defense counsel has "openly acknowledged" that this caused some confusion and "expressly … retracted" any claim that Plaintiff altered the document. In sum, these hidden rows have long been known and available to all parties and there is no evidence that Defendant or its counsel engaged in any effort to intentionally conceal this evidence. Plaintiff's request for sanctions on this issue is **DENIED**.

### III.   PLAINTIFF'S MOTION FOR SANCTIONS REQUESTING AN ADVERSE INFERENCE FOR ALLEGED SPOLIATION OF VIDEO EVIDENCE

Finally, Plaintiff requests an adverse inference as a sanction for Defendant's failure to preserve video surveillance footage of the incident underlying this case. Dkt. 90 at 2-4. She asserts that, on November 15, 2022, she reported the incident to Walmart and requested that it preserve video surveillance footage – and that this evidence was not preserved. *Id.* Defendant responds that "Plaintiff has repeatedly been advised that no surveillance video was preserved," offers to submit a declaration so stating and asserts that a declaration should resolve the issue. Dkt. 91 at 3. Defendant also argues that if "Plaintiff seeks to have an adverse inference drawn from the failure to preserve evidence," she can do so at trial.

This issue has dogged the Parties and the Court throughout the litigation. Although Plaintiff's request for an adverse inference at this stage is premature, the question of video surveillance may be a significant one at trial, and a declaration by Defendant will be helpful in framing the issues. Accordingly, the Court **ORDERS** Defendant to provide, **no later than June 5, 2025**, an attestation by a person(s) with personal knowledge of the following:

- Was there video surveillance of the alleged incident?
- If so, what were Defendant's policies and practices in 2022 regarding retention of video

surveillance?

- Under what circumstances was video surveillance preserved?
- What facts support Defendant's position that "no surveillance video was preserved"?

The Parties may then address this evidence as appropriate in their pretrial filings which are due **July 31, 2025**. The Court **DEFERS** resolution of the request for an adverse inference to the pretrial conference on **August 14, 2025.**

**SO ORDERED.**

Dated: May 23, 2025

SUSAN VAN KEULEN
United States Magistrate Judge